UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORTEZ DAUNDRE JONES, | CASE NO. 2:23-cv-1195 |
| Plaintiff, | ORDER DISMISSING CASE |
| v. | |
| DEPARTMENT OF JUSTICE, | |
| Defendant. | |

Plaintiff Cortez Daundre Jones requested leave to proceed *in forma pauperis* against the Department of Justice. Dkt. No. 1. Offering no specific details, Plaintiff's proposed complaint generally alleges that the Department of Justice committed civil rights, property, antitrust, and arbitration violations. Dkt. No. 1-1 at 3. U.S. Magistrate Judge Michelle L. Peterson issued a Report and Recommendation ("R&R"), recommending that the Court deny Plaintiff's IFP application because he had not "demonstrate[d] that he cannot afford the '$402 filing fee.'" Dkt. No. 4 at 1–2. Plaintiff objected to the R&R, providing the Court more detail about his financial situation. Dkt. No. 8.

ORDER DISMISSING CASE - 1

The Court has reviewed Plaintiff's proposed complaint, his IFP application, and the other files on record, and it finds Plaintiff's filings devoid of any factual or legal details demonstrating the basis for the Court's continued jurisdiction or the plausibility of Plaintiff's claims for relief.

Addressing the jurisdictional issue first, the Court has an ongoing duty to ensure that it has jurisdiction over Plaintiff's claims. *Leem v. Bank of Am. Home Loans,* No. C13-1517RSL, 2014 WL 897378, at *1 (W.D. Wash. Mar. 6, 2014) (citing *Watkins v. Vital Pharm., Inc.*, 720 F.3d 1179, 1181 (9th Cir. 2013); Fed. R. Civ. P. 12(h)(3)). The Court may raise the issue on its own accord, and "[i]f, at any time the Court determines that it lacks subject matter jurisdiction, the Court must dismiss the action." *Id.* Here, Plaintiff purports to sue the Department of Justice for tort claims and property loss, but he fails to assert his compliance with the Federal Tort Claims Act's administrative requirements or to identify some other waiver of the government's sovereign immunity. *See Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, … , and, as such, should be affirmatively alleged in the complaint. A district court may dismiss a complaint for failure to allege this jurisdictional prerequisite."); *see Vacek v. U.S. Postal Serv.,* 447 F.3d 1248, 1250 (9th Cir. 2006) ("The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity.").

Next, when it comes to IFP complaints, the Court must dismiss the action "at any time if the court determines that … [the complaint] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)*; see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v.*

ORDER DISMISSING CASE - 2

*Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's complaint does not meet the *Twombly/Iqbal* pleading standard because it contains no factual details at all. Plaintiff used the court's *pro se* complaint template, which instructs would-be plaintiffs to "[w]rite a short and plain statement of the[ir] claim," but Plaintiff offers nothing to describe the factual basis for his claims. *See Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987) ("An in forma pauperis complaint is frivolous if 'it had no arguable substance in law or fact.'") (internal citation omitted). Thus, his complaint does not contain any factual basis demonstrating a plausible claim to relief.

Ordinarily, when a court dismisses a *pro se* plaintiff's complaint for failure to state a claim, it must grant leave to amend even when no request to amend is made. *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017). But leave to amend may be denied when bad faith or futility are found. *Id.; see also Cal. Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."). At last count, Plaintiff has filed over 60 lawsuits in the District since August 2, 2023, which means he has filed more than one lawsuit a day for weeks. So many cases filed in such a short amount of time supports a finding that Plaintiff is advancing claims without merit and that leave to amend would be futile.

Accordingly, the Court DENIES Plaintiff's request to proceed IFP and DISMISSES his complaint without prejudice or leave to amend.

Dated this 29th day of September, 2023.

ORDER DISMISSING CASE - 3

Jamal N. Whitehead
United States District Judge

ORDER DISMISSING CASE - 4